IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

MICHAEL BARNES,                )
                               )
         Petitioner,           )
                               )
         v.                    )    1:09CV921
                               )
OLIVER WASHINGTON,             )
                               )
         Respondent.           )

**MEMORANDUM OPINION AND ORDER**

**Auld, Magistrate Judge**

Petitioner, a prisoner of the State of North Carolina, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On May 15, 2008, Petitioner was convicted by a jury of possession of a controlled substance with intent to sell and deliver within 300 feet of the boundary of a property used for an elementary school in case 07 CRS 50500. (Docket Entry 7, Ex. 3 at 11.) He was sentenced to 53 to 73 months of imprisonment. (Id.) Petitioner did file a direct appeal (in which he asserted that the trial court erred in denying his motion to dismiss for insufficient evidence), but his conviction was upheld. State v. Barnes, No. COA08-1096, 675 S.E.2d 155 (table), 2009 WL 1058338 (N.C. App. April 21, 2009)(unpublished), cert. denied, 682 S.E.2d 392 (N.C. 2009). He then filed the present Petition in this Court. (Docket Entry 1.) Respondent has moved for summary judgment. (Docket Entry 6.) Petitioner has responded. (Docket Entry 9.) The parties have consented to disposition of this case by a United States Magistrate Judge. (Docket Entry 11.)

**Facts**

The basic facts of the case, as set out by the North Carolina Court of Appeals on direct review are as follows:

> At approximately 10:30 p.m. on 26 January 2007, Officers Darrin Ritter and Jeff Sheffield of the Moore County Sheriff's Department were in plainclothes in an unmarked car checking for alcohol violations in Southern Pines. The two detectives were driving north on Hardin Street when Michael Barnes ("defendant"), who was on a bicycle, flashed a light at them. Defendant turned around, pulled up next to the car, and, after Officer Sheffield rolled down the window, asked what they needed. Based on his experience, Officer Ritter knew that they were in a well-known drug area, and therefore believed defendant was offering crack cocaine. Each officer asked for $20.00 worth of crack. Pointing to an elementary school, defendant then told the officers to pull down the street and wait.
>
> The officers turned right on Indiana Avenue towards the school, and defendant turned left. The officers pulled up to the intersection of Carlisle and Indiana near the school, made a Uturn, and then waited in the spot where defendant pointed. As defendant approached, Officer Ritter exited the car. Defendant indicated that he had crack, and then Officer Ritter identified himself as a police officer and told defendant not to move. Defendant attempted to flee, to destroy the crack, and fought with the officers. Eventually defendant was handcuffed after being tasered. The officers seized small pieces of crack from defendant. The State Bureau of Investigation determined that there was cocaine base present.
>
> After arresting defendant, the officers measured the distance between the site of the arrest and the boundary of the Southern Pines Elementary School. A measuring wheel was used to take the measurement. The distance was approximately 100 feet. Later that evening, Officer Ritter used the Moore County computer-based CIS mapping system to confirm the school's boundary. At trial, the State used an aerial photograph from the CIS system to illustrate Officer Ritter's testimony, but the photograph was not admitted into evidence.

Barnes, 2009 WL 1058338, at *1.

**Petitioner's Claims**

Petitioner raises two related claims for relief in his Petition. First, he contends that there was insufficient evidence to show that his possession of the cocaine occurred within 300 feet of the boundary of the elementary school because there was not sufficient evidence establishing the boundary of the school. Second, he claims that the trial court erred in failing to dismiss the case on that basis.

**Standard of Review**

Where, as here, Petitioner's claims were adjudicated by the state courts on their merits, this Court must apply 28 U.S.C. § 2254(d)'s highly deferential standard of review to Petitioner's claims. That statute states that habeas relief cannot be granted in cases where a state court has considered a claim on its merits unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1) & (2). A state court decision is "contrary to" Supreme Court precedent if it either arrives at "a conclusion opposite to that reached by [the Supreme] Court on a question of law" or "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite" to that of the Supreme Court. Williams v. Taylor, 529 U.S. 362, 406 (2000). A state decision "involves an unreasonable

application" of Supreme Court law "if the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case." Id. at 407. "Unreasonable" is not the same as "incorrect" or "erroneous" and the reasonableness of the state court's decision must be judged from an objective, rather than subjective, standpoint. Id. at 409-11. As for questions of fact, state court findings of fact are presumed correct unless rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

### Discussion

A claim alleging insufficiency of the evidence cannot succeed in a habeas corpus action, if, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in the original). A court reviewing the sufficiency of the evidence "must consider circumstantial as well as direct evidence, and allow the government the benefit of all reasonable inferences from the facts proven to those sought to be established." United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982). "[C]ircumstantial evidence may support a verdict of guilty, even though it does not exclude every reasonable hypothesis consistent with innocence." United States v. George, 568 F.2d 1064, 1069 (4th Cir. 1978). Taking the dictates of § 2254(d) into account, the key question becomes "whether a state court determination that the evidence was sufficient to support a

-4-

conviction was an objectively unreasonable application of the standard enunciated in Jackson." Williams v. Ozmint, 494 F.3d 478, 489 (4th Cir. 2007)(internal brackets and quotation marks omitted), cert. denied, 552 U.S. 1232 (2008).

In this case, the North Carolina Court of Appeals stated in its decision denying Petitioner's direct appeal:

> The evidence shows that defendant pointed to the school when he told the officers to wait for him, and the offense occurred in the intersection adjacent to the school. Officer Ritter was familiar with the area, and identified the school as Southern Pines Elementary School. Although he phrased his testimony in terms of what he "believed" to be the boundary, taken as a whole, we do not find Ritter's testimony to be speculative. Officer Ritter explained that, in conducting his measurements, he "went up into the trees, well off the road" to be sure he was well within the school's boundary. He also confirmed the boundary that evening on the CIS mapping system. Finally, the measurement was 100 feet, less than one-third of the 300 feet limit prohibited by N.C. Gen. Stat. § 90-95(e)(8). Such evidence, taken in the light most favorable to the State, was sufficient to survive defendant's motion to dismiss at the conclusion of the State's evidence and at the conclusion of all the evidence. Any questions regarding Officer Ritter's testimony went to its weight, not the admissibility.

Barnes 2009 WL 1058338, at *2.

For the reasons set out by the North Carolina Court of Appeals, there was more than sufficient evidence for a jury to find that Petitioner possessed cocaine within 300 feet of the school. Petitioner's only arguments to the contrary are that Officer Ritter stated that he measured to where he "believed" the boundary of the school lay and that the State did not present any testimony from Officer Sheffield, who accompanied Officer Ritter on the night in question. As for Officer Ritter's "belief" about the boundary, the

North Carolina Court of Appeals correctly explained that his testimony was supported by his later examination of a map, the fact that he went well beyond what he believed was the school's boundary when measuring, and the fact that the measurement was only one third of the distance necessary to find Petitioner guilty under North Carolina law. All of this together was certainly enough for a jury to convict Petitioner.

Petitioner's argument concerning the lack of testimony by Officer Sheffield is irrelevant. Once sufficient evidence of Petitioner's guilt was admitted, the State did not need to present further evidence on the point. There is no requirement that the State present all possible witnesses or evidence against Petitioner.

For the reasons just stated, the trial court did not err in refusing to dismiss Petitioner's case, the North Carolina Court of Appeals decision to that effect was neither contrary to, nor an unreasonable application of, <u>Jackson</u>, and Petitioner is not entitled to habeas relief. Respondent's Motion for Summary Judgment should be granted.

**IT IS THEREFORE ORDERED** that Respondent's Motion For Summary Judgment (Docket Entry 6) is **GRANTED**, that the Habeas Petition (Docket Entry 1) is **DENIED**, and that this action be, and the same hereby is, **DISMISSED**.

                                                  /s/ L. Patrick Auld
                                                  **L. Patrick Auld**
                                      **United States Magistrate Judge**

October 5, 2010